**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | Case No. 18-05220-hb |
| Callahan Grading, LLC | |
| Debtor. | Chapter 7 |

**MOTION TO REQUIRE TURNOVER OF ESTATE PROPERTY**

Janet B. Haigler as Chapter 7 Trustee, (the "Trustee") for Callahan Grading, LLC ("CGL"), by and through her undersigned counsel, does hereby move pursuant to Section 521 of the United States Bankruptcy Code (the "Code") (11 U.S.C. §521(3) and (4) to require the debtor to turnover to the trustee all computers owned by CGL and all electronic data stored on those computers without the deletion or removal of any electronic data.

Code Section 521(3) requires a debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties". 11 U.S.C. §521(3). Code Section 521(4) requires that the debtor "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate." 11 U.S.C. §521(4). The Trustee has been attempting to obtain information and the computers since the conversion of the case. She has been ignored by the Debtor.

On May 22, 2019, the Trustee and the IT person appointed by the estate ("Brunson") went to the former offices of the Debtor. The Trustee's intent was to gather all the documentation relating to the debtor and take the computers belonging to the Debtor to allow Brunson to examine them and preserve the information on them. When they arrived, they discovered that Richard D'Agostino, the debtor's former employee, was working on the Debtor's computers. Apparently, the former owners of the Debtor have started a new business and were using the Debtor's computers for that business and for other related entity businesses. Rather than disrupt the business, the Trustee asked Brunson to simply copy the information on the computers to preserve the information. Unfortunately, because of time constraints

1

and other data imaging errors, Brunson was unable to copy the information. On May 23, 2019, the Trustee asked the undersigned to assist in retrieving the information and the computers. Attached hereto as Exhibit 1 is a copy of the email from the undersigned to counsel for the debtor, with a litigation hold letter addressed to Mr. D'Agostino and Jarrett Callahan, in care of the Debtor's attorney. Specifically, the Trustee's counsel asked for a time on May 30 or May 31, 2019 for the Trustee to retrieve the computers. Attached hereto as Exhibit 2 is a copy of the email response. There is no time provided as to when the Trustee may retrieve the computers. Instead, there is a reference to the Fourth Amendment. See U.S. Constitution, Fourth Amendment (protecting persons from government searches and seizures unless a criminal search warrant is issued on probably cause). Thus, it appears that the individuals using the computers are engage in some type of criminal activity.

Thus, the Trustee is seeking an order of this Court requiring the turnover of the computers and all electronically stored information ("ESI") on those computers. If the debtor's computers were used for the benefit of other entities and if information relating to those other entities are located on the computers, the Trustee is entitled to that ESI.

WHEREFORE, the Trustee respectfully prays for an order requiring the turnover of the Debtor's computers and all information stored on those computers. The Trustee respectfully requests such other and further relief as the court deems just and proper.

GLEISSNER LAW FIRM, LLC

s/ Richard R. Gleissner
Richard R. Gleissner (#5389)
1237 Gadsden Street, Suite 200A
Columbia, SC 29201
(T) 803-787-0505
(F) 803-712-4283
rick@gleissnerlaw.com
Attorney for Janet B. Haigler, Chapter 7 Trustee

June 4, 2019